**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1303**

DA RUI LI,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A98-639-478)

Submitted: October 15, 2007          Decided: October 25, 2007

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner. David V. Bernal, Assistant Director, Jennifer Paisner, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Da Rui Li, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Li challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Li fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Li's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Li fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

- 2 -

Li also seeks protection under the Convention Against Torture.  Because he failed to raise this claim before the Board, we find that we have no jurisdiction to consider it.  See 8 U.S.C. § 1252(d)(1) (2000) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004), cert. denied, 125 S. Ct. 861 (2005) (holding that we lack jurisdiction to consider an argument that was not raised before the Board).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED